UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN R. SANDERSON,<br><br>    Petitioner,<br><br>  v.<br><br>I.D. CLAY, Warden,<br><br>    Respondent. | No. C 07-1081 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

### INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. As grounds for habeas relief Petitioner alleges, inter alia, that trial and appellate counsel rendered ineffective assistance. For the reasons set forth below, the petition is DENIED.

### STATEMENT

In 2005, Petitioner was convicted by a San Mateo County Superior Court jury of one count of driving while intoxicated (Cal. Veh. Code § 23153(a)), and one count of hit-and-run driving (id. § 20001(a)). The jury further found that Petitioner personally inflicted great bodily injury on the victim (Cal. Pen. Code § 12022.7(a)), and that Petitioner had suffered four prior felony convictions. The trial court sentenced Petitioner to a term of thirteen years and four months in state prison. Petitioner appealed. The California Court of Appeal for the

First Appellate District affirmed the judgment. (Ans., Ex. B (People v. Sanderson, No. A111921, 2006 WL 2523146 (Cal. Ct. App. Sept. 1, 2006)) at 1.) The California Supreme Court denied his petition for review. (Ans., Ex. C.)

Evidence presented at trial showed that in March 2005, Petitioner, drugged with methamphetamine, drove into a parked car that in turn struck Macario Enriquez, who had been standing at the trunk of his parked vehicle. Enriquez "suffered serious injuries resulting in hospitalization for over a month, three surgeries and the loss of his spleen." (Ans., Ex. B at 2.)

As grounds for federal habeas relief, Petitioner alleges that (1) the trial court's failure to give a unanimity instruction violated Petitioner's due process rights; (2) the trial court's denial of Petitioner's "Romero motion" violated his due process rights; (3) the imposition of a sentence that punishes Petitioner multiple times for the great bodily injury violated the Double Jeopardy Clause; and (4) trial and appellate counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights.

## STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d).

The first prong applies both to questions of law and to mixed questions of law and fact. Williams v. Taylor, 529 U.S. 362, 407–09 (2001). The second prong applies to decisions based on factual determinations. Miller-El v. Cockrell, 537 U.S. 322, 339 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of Section 2254(d)(1), only if "the state court arrives at a conclusion

2

1  opposite to that reached by [the Supreme] Court on a question of law or if the state court
2  decides a case differently than [the Supreme] Court has on a set of materially
3  indistinguishable facts." Williams, 529 U.S. at 412–13.  A state court decision is an
4  "unreasonable application of" Supreme Court authority, and thus falls under the second
5  clause of Section 2254(d)(1), if it correctly identifies the governing legal principle from the
6  Supreme Court's decisions but "unreasonably applies that principle to the facts of the
7  prisoner's case." Id. at 413.  A federal court on habeas review may not issue a writ "simply
8  because that court concludes in its independent judgment that the relevant state-court
9  decision applied clearly established federal law erroneously or incorrectly." Id. at 411.
10 Rather, the application must be "objectively unreasonable" to support granting the writ. Id.
11 at 409.

12     Factual determinations by state courts are presumed correct absent clear and
13 convincing evidence to the contrary." Miller-El, 537 U.S. at 340.  This presumption is not
14 altered by the fact that the finding was made by a state court of appeal, rather than by a
15 state trial court. Sumner v. Mata, 449 U.S. 539, 546–47 (1981).  A Petitioner must present
16 clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of
17 correctness; conclusory assertions will not do. Id.

18     Under Section 2254(d)(2), a state court decision "based on a factual determination
19 will not be overturned on factual grounds unless objectively unreasonable in light of the
20 evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340.

## DISCUSSION

### I. Unanimity Instruction

Petitioner claims that the trial court's failure to give a unanimity instruction violated his due process rights.  "The [trial] court did not give any instructions to the jury to decide which act or omission was committed in addition to driving under the influence, i.e., the trial court failed to give a unanimity instruction as to which particular element made up the guilt on the offense." (Pet. at 5–6.)  At trial, "[t]he prosecutor argued that at the time [Petitioner] struck Mr. Enriquez's car, he was violating the basic speed law (Veh. Code

3

1  § 22350), making unsafe turns by veering over to the side of the roadway (Veh. Code

2  § 22107) and committing ordinary negligence." (Ans., Ex. B at 2–3.)

3  The state appellate court rejected this claim, finding that "no unanimity instruction

4  was needed":

> In a criminal case, the jury's verdict must be unanimous, and the jury must agree unanimously that the defendant is guilty of a specific crime. [Citation removed.] It follows that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act. [] The purpose of the unanimity instruction is to ensure that the jury agrees on a particular crime. It must be given when conviction on a single count could be based on two or more discrete criminal events, but not where multiple theories or acts may form the basis of a guilty verdict on one discrete criminal event. [] "In deciding whether to give the instruction, the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime. In the first situation, but not the second, it should give the unanimity instruction." [Sentence removed.]
>
> Here, there was but a single discrete crime, although it could have been based on more than one act. The criminal event at issue for purposes of Vehicle Code section 23153, subdivision (a), is the event of driving while intoxicated and, while driving, committing an act or acts forbidden by law. The different acts, however, are only different means of committing the single, discrete, crime . . . [T]he essence of Vehicle Code section 23153 is driving while intoxicated, not the additional act of violating the law. "This being the rule concerning the nature of the drunk driving offense, it follows that the statute's reference to 'act forbidden by law,' . . . involves only a definitional refinement of the offense, not a legislative determination that a statutory violation such as unsafe speed or speed contest is a separate act from the standpoint of the gravamen of the offense which is, simply, driving while intoxicated." [Citation removed.]  As the different "forbidden acts" are simply alternate ways of proving a necessary element of the same offense, and do not themselves constitute separate chargeable offenses, no unanimity instruction is needed.  [] We agree.
>
> In addition, in light of the nature of the accident, where defendant struck a parked car with such force that it ran over Mr. Enriquez, traveled 44 feet, struck another car and pushed that car through a fence, any error in failing to give the instruction was harmless beyond a reasonable doubt. [Citation removed.]  No juror reasonably could have believed that defendant was committing negligence or making an unsafe turn but not believe that he was violating the basic speed law.

(Ans., Ex. B at 3–4.)

Although criminal defendants in state court have no federal constitutional right to a unanimous jury verdict, California requires unanimity of verdict from all twelve jurors in a

4

criminal trial. Cal. Const. art. I, § 7. California also requires that a specific unanimity instruction, e.g. CALJIC No. 17.01, be given sua sponte whenever more than one act could constitute the offense charged. People v. Diedrich, 31 Cal. 3d 263, 281 (1982); see, e.g., People v. Crawford, 131 Cal. App. 3d 591, 596–98 (1982) (unanimity instruction required where defendant charged with possession of one or more firearms by felon and jury could disagree as to particular firearm). A state trial court's refusal to give a specific unanimity instruction whenever more than one act could constitute the offense charged may therefore raise a ground cognizable in federal habeas corpus if it so infects the trial that the defendant was thereby deprived of a fair trial guaranteed by the Fourteenth Amendment. See Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir. 1988).

Driving while intoxicated, California Vehicle Code section 23153(a), reads: "It is unlawful for any person, while under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

Applying these legal principles to the instant action, the Court concludes that Petitioner's claims are without merit. Simply put, one act alone constitutes the central criminal event of the offense of driving while intoxicated, viz., being intoxicated while driving. The other acts — violating the speed limit, making unsafe turns, committing negligence — cannot, alone or in combination, constitute this central criminal event. They are simply some of the many possible predicate acts that satisfy the element of "any act forbidden by law" or "duty imposed by law." On this record, the Court concludes that the trial court did not commit a constitutional error by refusing to give a unanimity instruction. Accordingly, Petitioner has not shown an underlying constitutional violation, or that the state court's adjudication of the matter was objectively unreasonable. Accordingly, Petitioner is not entitled to habeas relief on this claim.

## II.     Denial of Romero Motion

Petitioner claims that the trial court violated his right to due process by refusing to strike a conviction under his Romero motion.  After the denial of Petitioner's motion, the trial court sentenced Petitioner under California's Three Strikes Law.  (Pet. at 6–7.) Petitioner contends that the trial court's equating or comparing the instant offense — "an accident" occurring out of "negligence" — to his prior offense of "deliberate criminal conduct" is "fundamentally unfair, and is invidiously discriminatory because Petitioner is being punished for having an accident and for unrelated past criminal behavior for which he has served his sentence." (Id.)  Petitioner also alleges that the state court failed to follow California sentencing rules.  (Id.)  The state appellate apparently did not rule on this claim.

Under Romero, a California sentencing court may strike a prior felony conviction allegation "in furtherance of justice," an "amorphous concept" requiring the trial court to consider both "the rights of the defendant and the interests of society as represented by the People."  See People v. Superior Court (Romero), 13 Cal. 4th 497, 507, 530 (Cal. 1996).

State sentencing courts must be accorded wide latitude in their decisions as to punishment.  See Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987).  Federal habeas relief is not justified even if a state court misapplies its own sentencing laws, unless there is a showing of fundamental unfairness.  Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  As to the use of Three Strikes, the Supreme Court has held that "[t]hough three strikes laws may be relatively new, our tradition of deferring to state legislatures in making and implementing such important policy decisions is longstanding."  Ewing v. California, 538 U.S. 11, 24 (2003).  Because of this tradition of deference, a federal court may not review a state sentence that is within statutory limits.  See id.  There are exceptions under the Due Process Clause and the Eighth Amendment, however.[1]  A federal court may grant relief from a state sentence imposed in violation of due process; for example, if a state trial judge imposed a sentence in excess of state law, see Walker, 850 F.2d at 476, or enhanced a sentence based on materially false or unreliable information or based on a conviction

---

[1] Petitioner has not alleged an Eighth Amendment violation.

6

infected by constitutional error, see U.S. v. Hanna, 49 F.3d 572, 577 (9th Cir. 1995).

Petitioner's claims are without merit. First, a federal court cannot grant a habeas writ for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Though Romero and the California sentencing rules create state rights, Petitioner has not shown that they create federal constitutional rights. Second, the fact that Romero's "in furtherance of justice" is an "amorphous concept" precludes this federal court from evaluating Petitioner's claim on the merits. Specifically, for this federal court to assess whether the trial court violated Petitioner's rights under Romero, it would have to consider rights and interests particular to California's system of justice, a task rightfully assigned by the state to its trial courts. Third, as to Petitioner's contentions regarding the application of Three Strikes to his case, the Supreme Court has upheld Three Strikes as constitutional based on a longstanding deference to state legislatures to fashion their own sentencing laws. Petitioner has not shown that his sentence is an exception to these binding authorities. Also, Petitioner's assertion that his current conviction should not, like his prior conviction, count as a strike is unavailing. Rather, Petitioner must show that the trial court enhanced his sentence based on materially false or unreliable information, or on a conviction that was unconstitutional. Based on this reasoning, the Court concludes that Petitioner is not entitled to habeas relief on this claim.

## II.     Double Jeopardy

Petitioner claims that his sentence punishes him multiple times for causing great bodily injury, thereby violating the Double Jeopardy Clause. Specifically, Petitioner objects to the trial court's use the fact of his infliction of great bodily injury on the victim as the basis for Petitioner's sentences for driving while intoxicated, for his hit-and-run injury convictions, and for the great bodily injury enhancement. (Pet. at 7–8.) The state appellate court apparently did not rule on this claim.

The Double Jeopardy Clause includes three distinct constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects

1  against a second prosecution for the same offense after conviction. And it protects against
2  multiple punishment for the same offense." Plascencia v. Alameida, 467 F.3d 1190, 1204
3  (9th Cir. 2006) (citations removed). Protection against multiple punishments for the same
4  offense did not necessarily preclude cumulative punishments in a single prosecution. Id.
5  The key to determining whether multiple charges and punishments violate double jeopardy
6  is legislative intent. Id. (citation removed). When the legislature intends to impose
7  multiple punishments, double jeopardy is not invoked. Id. (citation removed).

8      In the federal courts the test established in Blockburger v. United States, 284 U.S.
9  299, 304 (1932) ordinarily determines whether crimes are indeed separate and whether
10 cumulative punishments may be imposed. See Rutledge v. United States, 517 U.S. 292,
11 297 (1996); Ohio v. Johnson, 467 U.S. at 499 n.8. The Double Jeopardy Clause is not
12 violated if "each [offense] requires proof of a fact which the other does not." Blockburger,
13 284 U.S. at 304. However, even if the crimes are the same under Blockburger, if it is
14 evident that Congress or a state legislature intended to authorize cumulative punishments, a
15 federal court's inquiry is at an end. See Johnson, 467 U.S. at 499 n.8.

16     Petitioner's claim that the trial court's imposition of sentences for driving while
17 intoxicated and his hit-and-run convictions violated the Double Jeopardy Clause is without
18 merit. Under California law, each offense requires proof of a fact that the other does not.
19 Specifically, driving while intoxicated (Cal. Veh. Code § 23153(a)) requires proof that a
20 "person, while under the influence of any alcoholic beverage or drug, or under the
21 combined influence of any alcoholic beverage and drug, [drove] a vehicle and concurrently
22 [did] any act forbidden by law, or neglect any duty imposed by law in driving the vehicle,
23 which act or neglect proximately causes bodily injury to any person other than the driver."
24 Hit-and-run (Cal. Pen. Code § 20001(a)) requires proof that "the driver of a vehicle
25 involved in an accident resulting in injury to a person, other than himself or herself, or in
26 the death of a person" failed to "immediately stop the vehicle at the scene of the accident."
27 Because these offenses require proof of fact that the other does not (driving a vehicle while
28 intoxicated and failing to stop after an accident), it is clear, under the standards of

8

1  Blockburger, that the legislature intended these crimes to be separate, and therefore
2  cumulative punishments may be imposed.
3        Petitioner's claim as to the trial court's imposition of sentences for the enhancements
4  also is without merit.  As the text of the statute shows, the California legislature clearly
5  intended that a criminal defendant may receive additional punishment for causing great
6  bodily injury while committing another crime:  "Any person who personally inflicts great
7  bodily injury on any person other than an accomplice in the commission of a felony or
8  attempted felony shall be punished by an additional and consecutive term of imprisonment
9  in the state prison for three years."  Cal. Pen. Code § 12022.7 (emphasis added).  Because it
10 is clear that the legislature intended to create cumulative punishments for inflicting great
11 bodily injury, see Johnson, 467 U.S. at 499 n.8, the Court's inquiry is at an end.
12 Accordingly, Petitioner is not entitled to habeas relief on this claim.

**II.  Assistance of Trial and Appellate Counsel**

    **A.  Trial Counsel**

      Petitioner claims that trial counsel rendered ineffective assistance by failing to prepare his objections to the probation officer's sentencing report before the report was submitted to the trial court.  More specifically, Petitioner alleges that trial counsel "failed to subject the [probation officer's report] to adversarial testing . . . counting on an opportunity to address his short-comings orally at the sentencing hearing."  Petitioner identifies one specific issue to which trial counsel failed to register his objections, that of the trial court's "dual use" of the fact of the great bodily injury, the same issue this Court addressed above in its analysis of Petitioner's double jeopardy claims.  (Pet. at 9.)

      Claims of ineffective assistance of counsel are examined under Strickland v. Washington, 466 U.S. 668 (1984).  In order to prevail on a claim of ineffectiveness of counsel, Petitioner must establish two things.  First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms.  Id. at 687–68.  Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability

9

United States District Court
For the Northern District of California

1  that, but for counsel's unprofessional errors, the result of the proceeding would have been
2  different." Id. at 694.  A reasonable probability is a probability sufficient to undermine
3  confidence in the outcome.  Id.  Where the defendant is challenging his conviction, the
4  appropriate question is "whether there is a reasonable probability that, absent the errors, the
5  factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

6        Petitioner's claim is without merit.  As discussed above, the California legislature
7  clearly intended to authorize multiple punishments for the infliction of great bodily injury.
8  This being the state of the law, trial counsel's performance cannot be said to fall below an
9  objective standard of reasonableness under prevailing professional norms.  As to the
10 question of prejudice, even if trial counsel's performance was deficient, Petitioner has not
11 shown that but for this alleged error, the outcome would have been different.  As discussed
12 above, the California legislature clearly intended to authorize multiple punishments for
13 great bodily injury.  This being the state of the law, Petitioner was sentenced within the
14 permissible boundaries of California's sentencing laws, and he has failed to demonstrate
15 that but for counsel's inaction, the outcome of the proceeding would have been different.
16 Accordingly, Petitioner suffered no prejudice.  Therefore, Petitioner is not entitled to
17 habeas relief on this claim.

18       **B.**    **Appellate Counsel**

19       Petitioner claims that appellate counsel failed to raise on appeal Petitioner's claim
20 that the dual use of the fact of the victim's great bodily injury violated his constitutional
21 rights.  (Pet. at 8–9.)  The state appellate court apparently did not rule on this claim.

22       Claims of ineffective assistance of appellate counsel are reviewed according to the
23 standard set out in Strickland, 466 U.S. 668 (1984).  Miller v. Keeney, 882 F.2d 1428, 1433
24 (9th Cir. 1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir. 1986).  A defendant
25 therefore must show that counsel's advice fell below an objective standard of
26 reasonableness and that there is a reasonable probability that, but for counsel's
27 unprofessional errors, he would have prevailed on appeal.  Miller, 882 F.2d at 1434 & n.9
28 (citing Strickland, 466 U.S. at 688, 694; Birtle, 792 F.2d at 849).

10

It is important to note that appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. See Jones v. Barnes, 463 U.S. 745, 751–54 (1983); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Miller, 882 F.2d at 1434 n.10. The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. See Miller at 1434. Appellate counsel therefore will frequently remain above an objective standard of competence and have caused his client no prejudice for the same reason — because he declined to raise a weak issue. Id.

Applying these legal principles to the instant matter, the Court concludes that Petitioner's claim is without merit. The Court has determined that trial counsel's failure to raise the issue to the sentencing court did not violate Petitioner's rights. Based on its reasoning on that issue, the Court cannot now say that Petitioner's appellate counsel's performance was deficient or that Petitioner suffered any prejudice because of appellate counsel's actions. Accordingly, the Court concludes that Petitioner has failed to show that his appellate counsel rendered ineffective assistance in violation of the Sixth Amendment. Therefore, Petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

As to all Petitioner's claims, the Court concludes that the state court's adjudications were not contrary to, or unreasonable applications of, clearly established Supreme Court precedent, nor were they based on an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. 2254 (d)(1), (2). Accordingly, the petition for a writ of habeas corpus is DENIED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 12, 2009

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN R SANDERSON, | Case Number: CV07-01081 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| I CLAY et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 12, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robin R. Sanderson
V98979
Folsom State Prison
P.O. Box 950
Folsom, CA 95763

Dated: May 12, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk